UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIVIL ACTION NO.  17-cv-22359-DPG

ANDRES GOMEZ,

      Plaintiff,

v.

BILL USSERY MOTORS OF CUTLER BAY, LLC,
A Florida limited liability Company

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

      Defendant, BILL USSERY MOTORS OF CUTLER BAY LLC**,** moves the Court to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure because, as a threshold matter, Plaintiff lacks standing to bring this suit and, therefore, to confer subject matter jurisdiction. Should the Court find Plaintiff has standing, the Court should dismiss this action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**MOTION TO DISMISS**

      Plaintiff claims that violated the ADA because it did not "create and maintain a website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the website and the content therein." (D.E. 1, Complaint, ¶9). Plaintiff alleges that Defendant's website, www.mbcutlerbay.com (hereinafter "Website") "is inaccessible to the visually impaired, in that it does "not interface with and are not readable by SRS." (D.E. 1, ¶10).

Plaintiff lacks standing to bring this claim where he does not satisfy his threshold burden of establishing a "concrete" injury-in-fact. Moreover, Plaintiff has failed to show that he faces a "real and immediate" threat of future injury.  Therefore, this Court lack jurisdiction over this claim.

Even if this Court finds it has jurisdiction, this Court must dismiss this action where the Complaint fails to state a claim upon which relief can be granted for any alleged violation of the ADA. Defendant's website is not a physical, concrete structure as required to state a claim under Title III of the ADA. Moreover, there is no basis to expand the ADA's application to Defendant's website because the nexus required to do so has not been alleged in the Complaint.

The Complaint is a simple recitation of the elements of a Title III claim, bereft of any factual detail or enhancement. Accordingly, it falls short of the pleading standard established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, Plaintiff's Complaint fails to state a claim for a violation of the ADA, and should be dismissed.

In further support of this Motion, Defendant submits and incorporated herein its Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint.

## <u>MEMORANDUM OF LAW</u>

### I.     LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court. Fed. R. Civ. P. 12(b)(1). In the Eleventh Circuit, a Rule 12(b)(1) challenge can be made facially or factually. *See Garcia v. Copenhaver, Bell & Assoc.*, 104 F.3d 1256, 1260 (11th Cir. 1997). A factual attack challenges the "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id*. at 1261. No presumptive truthfulness attaches

to Plaintiff's allegations, and the existence of disputed facts will not preclude the court from evaluating jurisdiction on the merits. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). Plaintiff has the burden to establish that subject matter jurisdiction exists by a preponderance of the evidence. *Brother v. Rossmore Tampa Ltd Partnership,* No. 8:03-cv-1253, 2004 U.S. Dist. LEXIS 28524, at *10 (M.D. Fla. Aug. 19, 2004) (emphasis added). By this motion, Defendant asserts a factual attack on Plaintiff's standing.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 556). Labels and conclusions or a "formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 544, 555. Nor will "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557. The allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).

## II.     ALLEGATIONS IN COMPLAINT

Plaintiff, Andres Gomez ("Plaintiff"), is visually impaired. (D.E. 1, ¶ 1.) Plaintiff filed the instant lawsuit, claiming that Defendant's Website violates Title III of the Americans with Disabilities Act of 1990, as amended, §§ 12181 – 12189 ("ADA") (D.E. 1).   Plaintiff claims that

the website is an extension of Defendant's place of public accommodation under the ADA. (*Id.* at ¶ 5, 8.)  However, he does not allege that he ever intended to visit or utilize Defendant's physical retail location.  Nor does he allege that there is a nexus between the Website and the Defendant's physical retail location. Finally, Plaintiff does not, and cannot, allege that Defendant sells anything on its website.  Plaintiff does not allege anything that is contained on Defendant's Website.

The Complaint states that Plaintiff uses JAWS, screen-reading software, a technology that vocalizes visual information found on a computer screen. (*Id.* at ¶ 2.)  The Complaint then alleges in a conclusory fashion that the Website does not allow a visually impaired people to access the Website using JAWS, a screen reader software. (*Id.* at ¶ 10.)  Moreover, Plaintiff alleges in a conclusory fashion that "Defendant's website contains graphics, links, headings, functions, forms and text with information that is not fully readable and/or compatible with" screen reader software. (*Id.* at ¶ 10.)  But other than general categories of alleged deficiencies, the Complaint does not identify any specific barriers that Plaintiff encountered when trying to use the Website, or how they precluded him from doing what he set out to do. (*Id.* at ¶ ¶10, 11.)  In Paragraphs 8 and 11, Plaintiff quotes from the ADA and makes no factual assertions.

Plaintiff's conclusory allegations without factual statements are insufficient to state a cause of action for violation of Title III of the ADA.

## III.   ARGUMENT

### A.   THE COURT LACKS SUBJECT MATTER JURISDICTION WHERE PLAINTIFF LACKS STANDING

Threshold individual standing is a prerequisite for all actions. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). "Individual standing requirements must be met by anyone attempting to represent his own interests . . . ." *Navellier v. Fla.*, No. 16-11994, 2016 U.S. App. LEXIS 21473, at *6 (11th Cir. Dec. 1, 2016). This is a "threshold jurisdictional question which must be addressed prior to

and independent of the merits of the parties' claims." *Gomez v. Dade County Fed. Credit Union*, No. 13-23882, 2014 U.S. Dist. LEXIS 38422, at *3 (S.D. Fla. Mar. 24, 2014). Standing must exist at the time the complaint is filed. *Id*. at *5-6.  Thus, in this matter, the Court must first determine whether Plaintiff has standing to bring this suit for himself.

As the decision of the Supreme Court in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), makes clear, Plaintiff does not have standing. A person has constitutional standing to bring a suit in federal court if, among other things, he or she has "suffered an injury in fact." *Spokeo*, 136 S. Ct. at 1547. In *Spokeo*, the plaintiff asserted he could satisfy the injury in fact requirement without alleging any concrete harm merely by asserting the occurrence of a statutory violation. That is, just as the Plaintiff does in the instant case, the plaintiff in *Spokeo* maintained his allegation of a violation of "his statutory rights," with nothing more, sufficed to establish injury in fact. The Supreme Court flatly rejected such an assertion. Writing for the majority, Justice Alito explained that an "[i]njury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Id.* at 1548 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)). That is, a statutory violation alone is insufficient for purposes of establishing constitutional standing. Rather, to "establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)). Since the plaintiff in *Spokeo* alleged a statutory violation but, like the Plaintiff here, failed to allege any actual harm caused by the alleged statutory violation, the plaintiff lacked standing. The *Spokeo* Court explained that, to qualify as "concrete," an injury "must actually exist," and it must be "'real' and not 'abstract.'" *Id.* at 1548.

This means a plaintiff does not automatically satisfy the injury in fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1548. Instead, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1548.

For a court to have subject matter jurisdiction, the plaintiff must have suffered an (1) an "injury-in-fact," (2) fairly traceable to the defendant's conduct, which (3) is likely to be redressed by a favorable judicial decision. *Lujan*, 504 U.S. at 560-61; *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). These elements represent the "irreducible minimum" required by the Constitution for a litigant to seek redress in federal court. *Shotz*, 256 F.3d at 1081 (citation omitted). Plaintiff must clearly allege facts demonstrating each element. *Spokeo*, 136 S. Ct. at 1547.

There is an additional requirement for standing in ADA Title III cases. Injunctive relief is the exclusive remedy under this statute. Because injunctions regulate future conduct, a plaintiff must also establish a likelihood of future injury. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). According to the Eleventh Circuit, rather than establishing only a technical violation of law or theoretical risk harm in the future, an ADA plaintiff must demonstrate that the threat of future injury is "*real and immediate*." *See id.* ("a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury") (emphasis added) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001)).

### 1.    Plaintiff Has Not Established an Injury-in-Fact

Plaintiff does not satisfy his threshold burden of establishing a "concrete" injury-in-fact. The Complaint lists various alleged deficiencies with the Website, but there are no allegations addressing how or where on the Website Plaintiff encountered any of these issues much less in

such a way as to impair his ability to perform particular functions on the Website or preclude him from visiting the dealership. To show a "concrete" injury under controlling decisions from the Supreme Court and Eleventh Circuit, Plaintiff must identify barriers he personally encountered and the manner in which those barriers impeded his full and equal enjoyment of a place of public accommodation. Plaintiff has failed to do so.

Moreover, Plaintiff has failed to show that he faces a "real and immediate" threat of future injury. *Houston*, 733 F.3d at 1329. The Complaint merely alleges that Plaintiff "attempted to access and/or utilize" Defendant's Website and "was unable to." (D.E. 1, ¶ 10.). H also states that he "intends to monitor the Website in the near future, as a tester, to ascertain whether it has been updated to interface properly with" screen reader software. (D.E. 1, ¶ 12.). Thus, he does not specify when he visited the Website and when he intends to return in the future. The Eleventh Circuit has unequivocally held that a court does not have subject matter jurisdiction where plaintiff does not show "any reasonable chance of his revisiting the [public accommodation] other than 'someday.'" *Access for Am. v. Associated Out-Door Clubs, Inc.*, 188 F. App'x 818, 818 (11th Cir. 2006); *see also Lujan*, 504 U.S. at 560-61. A "someday" intent to return to the Website is all that Plaintiff has alleged here. Absent any disclosed plan or reason for Plaintiff to shop online for something offered on the Website, Plaintiff's vague and conclusory promises of future visits are insufficient to confer subject matter jurisdiction as a matter of law.

Establishing injury-in-fact requires the plaintiff to show that he or she suffered an injury, defined as an "an invasion of a legally protected interest," which is both particular to the individual and "concrete." *Lujan*, 504 U.S. at 560. As the Supreme Court recently held in *Spokeo*, a "concrete" injury is "real" rather than "abstract," and is not "automatically satisfie[d] . . . whenever

a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 136 S. Ct. at 1548-49.

The Eleventh Circuit applied the concreteness requirement to ADA Title III cases even before the Supreme Court decided *Spokeo*. That court has held that injury-in-fact requires more than simply injury to a "cognizable interest" under the ADA. *Seco v. NCL (Bah.), Ltd.*, 588 F. App'x 863, 865 (11th Cir. 2014). To the contrary, the plaintiff must qualify as a "bona fide patron" who is "himself among the injured." *Id.*; *Barberi v. Atl. Windows & Shutters, Inc.*, No. 15-cv-21679, 2015 U.S. Dist. LEXIS 177358, at *6 (S.D. Fla. July 3, 2015). This requires that the plaintiff demonstrate *how* the alleged barriers affected his or her disability, and denied equal access to the goods and services of a public accommodation. *See Access 4 All v. Bamco VI, Inc.*, No. 11-61007, 2012 U.S. Dist. LEXIS 1868, at *9 (S.D. Fla. Jan. 6, 2012) (plaintiff only has standing for ADA violations "which affect his specific disability, and that he personally encountered or about which he had actual notice at the time the complaint was filed"); *Barberi*, 2015 U.S. Dist. LEXIS 177358, at *6 (no injury-in-fact where plaintiff alleged ADA violations without explaining how he would have been affected by the challenged conduct); *Access for the Disabled, Inc. v. Rosof*, No. 8:05-cv-1413, 2005 U.S. Dist. LEXIS 37853, at *6 (M.D. Fla. Dec. 28, 2005) ("a plaintiff's particular disability and his or her encounter with the alleged barriers to access are relevant factors to be considered.")

Here, Plaintiff has failed to establish a "concrete" injury-in-fact. The Complaint states in a conclusory manner that the Website does not comply with ADA requirements. However, the Eleventh Circuit Court of Appeals (has yet to decide whether and to what extent Title III of the ADA applies to websites).

.      Additionally, there is no indication that Plaintiff encountered any of the alleged deficiencies or how they impaired his ability to perform particular functions on the Website. In fact, the Complaint is silent on what features of the Website Plaintiff attempted to use, and what, if any, of Defendant's goods and services he could not access through the Website.

Rather, the Complaint contains a conclusory allegations that there are deficiencies without any alleged connection between these issues and Plaintiff's personal experience. Plaintiff alleges that the Website contains graphics, links, headings, functions, forms and text that are not fully readily by JAWS.  However, he does not allege that he personally encountered these graphics, links, headings, functions, forms and text, where the items were on the Website, how the fact that certain items were not readable interfered with his functional use of the Website, or how it precluded him from visiting the physical dealership. *See Hilson v. D'More Help, Inc.*, No. 15-CIV-60155, 2015 U.S. Dist. LEXIS 50271 (S.D. Fla. Apr. 15, 2015) (no standing where complaint "does not include any facts from which this Court can infer that Plaintiff could not fully enjoy Defendants' facilities, services, goods and amenities because of his encounter with any of the barriers listed") (quoting *Campbell v. Grady's Bar, Inc.,* No. 0:10-CV-60648, 2010 WL 2754328, at *2 (S.D. Fla. July 12, 2010)).

In addition, the Complaint generally refers to things encountered "visually impaired individuals" (D.E. 1, ¶¶ 10, 11) but does allege what he personally encountered.   As the forgoing authorities make clear, in order to establish an injury-in-fact, Plaintiff must identify the barriers that *he* encountered, the circumstances of those experiences, and the manner in which those barriers affected him. None of these required allegations appear in the pleadings. As it stands, Plaintiff's Complaint fails to allege facts showing a real, *de facto* harm as required for standing The Court therefore lacks subject matter jurisdiction.

2.     **Plaintiff has not alleged that his injury is traceable to Defendant's conduct**

Plaintiff has not alleged what parts of the Website he tried to access.  He has not alleged what Defendant did wrong.  Therefore, his alleged injury cannot be traceable to Defendant's challenged conduct.  *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1273 (11th Cir. 2003); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391 n. 6, 188 L. Ed. 2d 392 (2014) ("Proximate causation is not a requirement of Article III standing, which requires only that the plaintiff's injury be fairly traceable to the defendant's conduct.").

3.     **Plaintiff's claim is not likely to be redressed by a favorable decision**

As stated, it is unlikely that Plaintiff will be able to obtain an injunction and recover his attorney's fees and costs.  *See Deere Constr., LLC v. Cemex Constr. Materials Fla., LLC*, 198 F. Supp. 3d 1332, 1340 (S.D. Fla. 2016).

4.     **No Real and Immediate Threat of Future Injury**

As discussed above, plaintiffs in ADA Title III cases have the additional burden to show facts demonstrating a threat of "real and immediate" future injury. *Houston*, 733 F.3d at 1328; *see also Lujan*, 504 U.S. at 564 (injury must be "imminent"); *Shotz*, 256 F.3d at 1081. Courts in this Circuit evaluate the "totality of the circumstances" to determine whether an ADA plaintiff has satisfied this burden. *See Gomez*, 2014 U.S. Dist. LEXIS 38422, at *11 (dismissing case for lack of standing based on factors including this Plaintiff's previous patronage and indefiniteness of his plan to return).

### a.    "Someday" Intent to Return Insufficient

The future injury alleged by plaintiff is his fear "that he will continue to be subjected to discrimination in violation of the ADA by the Defendant."  (D.E.1, ¶ 16).  Plaintiff also alleges that he "plans to continue to attempt to utilize the website in the near future" or, alternatively, "intends to monitor the website in the near future, as a tester, to ascertain whether it has been updated to interface properly with SRS."  (D.E. 1, ¶ 12.) These allegations are insufficient as matter of law to establish a "real and immediate" threat of future injury. *Houston*, 733 F.3d at 1329.

The Eleventh Circuit has held that "someday" allegations of plaintiff's intent to return are insufficient in ADA Title III cases. *See Associated Out-Door Clubs*, 188 F. App'x 818, 818 (affirming dismissal of ADA Title III claim because plaintiff could not demonstrate that there was "any reasonable chance of his revisiting the [place of public accommodation], other than 'someday.'"). *See also Rosof*, 2005 U.S. Dist. LEXIS 37853, at *7 (statements that plaintiff intends to return "annually and 'in the future' are 'some-day' and speculative allegations [that] alone are insufficient to establish injury in fact") (*citing Lujan*, 504 U.S. at 563-64). In contrast, Plaintiff has the burden to show a "concrete and realistic plan of when he would visit the accommodation again." *Gomez*, 2014 U.S. Dist. LEXIS 38422, at *4 (quoting *Marod Supermarkets*, 733 F.3d at 1340). Plaintiff has failed to satisfy this initial burden.

### b.    "Totality of the Circumstances" Show No Likelihood of Future Injury

As discussed above, Plaintiff has not alleged that he would visit the dealership in the imminent future if the Website did not have the alleged barriers or why. Plaintiff has not explained how or why he, as a legally blind individual, was a "bona fide patron" of Defendant's goods or services or intends to be in the future. He does not allege any facts concerning why he visited the Website, the aspects of the Website he attempted to access and for what reason, or the specific

barriers he encountered and how they prevented him from accessing any of Defendant's goods or services. Courts routinely dismiss ADA claims for lack of standing based on such tenuous connections to the business at issue. *See e.g. Harty v. SRA/Palm Trails Plaza, Inc., LLC*, 755 F. Supp. 2d 1215, 1217 (S.D. Fla. 2010) (courts in Eleventh Circuit "more cautious" than other jurisdictions in conferring standing for ADA challenges); *Bowman v. G.F.C.H. Enters.*, No. 14-22651, 2014 U.S. Dist. LEXIS 148988, at *6 (S.D. Fla. Oct. 17, 2014) (plaintiff's "infrequent contact with the subject properties, and a complete lack of connection to the subject properties" enough for dismissal based on lack of standing); *Barberi*, 2015 U.S. Dist. LEXIS 177358, at *6-7 (dismissing on standing grounds where plaintiff does not disclose dates of prior visits and services offered, but simply states that he would like to return on a "spontaneous" basis).

In fact, courts in this Circuit have found that plaintiffs with a stronger connection to the business at issue than as alleged in the Complaint failed to satisfy their burden to show a likelihood of future injury. *See e.g. Brother v. Tiger Partner LLC*, 331 F. Supp. 2d 1368, 1371 (M.D. Fla. 2004) (no standing despite affidavit stating that plaintiff visits the area at least once a year, frequently travels past the hotel at issue, and had made a reservation there); *Rosof*, 2005 U.S. Dist. LEXIS 37853, at *8-9 (alleged "frequent visitor" of retail store who intended to return once a year lacked standing). Based on all the circumstances, Plaintiff has failed to demonstrate any likelihood of a future injury arising out of the Website.

<strong>c. Plaintiff's Intent to Return Undermined by His Litigation History</strong>

Courts in this Circuit also consider an ADA plaintiff's litigation history in determining whether there is a sufficient threat of future injury to warrant injunctive relief. *See Rossmore Tampa*, 2004 U.S. Dist. LEXIS 28524, at *14-15 (plaintiff's professed intent to return not credible where he previously filed over 70 cases under ADA Title III); *Rosenkrantz v. Markopoulos*, 254

F. Supp. 2d 1250, 1253 (M.D. Fla. 2003) (noting for the record that plaintiff had sued more than 58 businesses in the Middle District of Florida and granting motion to dismiss for lack of standing); *Lamb v. Charlotte County*, 429 F. Supp. 2d 1302, 1309 (M.D. Fla. 2006) (threat of future injury insufficient where ADA plaintiff filed similar suits throughout a large geographic area).

A search for cases filed by Andres Gomez using the "Case Locator" feature of the Public Access to Court Electronic Records website reveals that Plaintiff has filed a total of 180 ADA Title III lawsuits in this District since May of 2012. In fact, Plaintiff filed 113 such cases in this District last year alone; 111 of these cases were about allegedly inaccessible websites. To establish standing, Plaintiff had to claim in each and every one of the cases that he intends to patronize these businesses in the future. It is apparent, however, from Plaintiff's course of conduct that the only reason for any of his alleged visits to the Website was to facilitate this litigation. Because this lawsuit has been commenced, the real reason for Plaintiff to visit the Website in the future no longer exists. *See Harris v. Stonecrest Care Auto Ctr.*, 472 F. Supp. 2d 1208, 1219 (S.D. Cal. 2007) ("[W]here a plaintiff's sole purpose in visiting a local business is to litigate, he may visit the establishment before or during the litigation, but his reason for returning vanishes as soon as litigation is concluded."). For this additional reason, Plaintiff's claims should be dismissed under Federal Rule 12(b)(1).

### B.      PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION

The Department of Justice ("DOJ") has not yet even issued guidance on Title III of the ADA. Moreover, the Eleventh Circuit has not addressed whether websites are public accommodations for purposes of the ADA. However, the Eleventh Circuit's decision in *Rendon v. Valleycrest Prods., Inc.* offers some guidance. 249 F.3d 1279 (11th Cir. 2002). In the *Rendon* case, the Eleventh Circuit limits the ADA's regulatory reach to physical, concrete places of public

accommodation or anything that affects access to or enjoyment of those physical spaces. *See Access Now, Inc.,* 227 F.Supp.2d at 1318 (citing Rendon, 294 F.3d at 1283–84) ("In interpreting the plain and unambiguous language of the ADA, and its applicable federal regulations, the Eleventh Circuit has recognized Congress' clear intent that Title III of the ADA governs solely access to physical, concrete places of public accommodation."). The *Rendon* court held that the gameshow, Who Wants to Be a Millionaire, is a place of public accommodation because it is filmed in a studio for the purposes of entertainment. *Rendon*, 294 F.3d at 1283 ("[W]e agree [] that the Millionaire show takes place at a public accommodation (a studio) within the meaning of 42 U.S.C. § 12181(7)(C) (covering theaters and other places of entertainment). . .")". The Eleventh Circuit further held that the telephone-based application process for becoming a contestant on that television show imposed significant barriers to hearing-impaired individuals and their ability to become contestants on the show. *Id.* at 1283 – 84 ("[T]he automatic process used to select contestants tends to 'screen out' many disabled individuals as described in section 12182(b)(2)(A)(i) . . . . [and] [t]here is nothing in the text of the statute to suggest that discrimination via an imposition of screening or eligibility requirements must occur on site to offend the ADA."). The court in the *Rendon* case concluded that the ADA applied to the telephonic application process, because it restricted access to the place of public accommodation (i.e. the studio).

Judge Lenard's decision in the *Gomez v. Bang & Olufsen Am., Inc.*, is also instructive.  In that case, the court found that a website that is wholly unconnected to a physical location is generally not a place of public accommodation under the ADA. *Gomez v. Bang & Olufsen Am., Inc.*, No. 16-23801, at 8 (S.D. Fla. Feb. 2, 2017).

Thus, to survive a motion to dismiss, a plaintiff must allege "that the website's inaccessibility impedes the plaintiff's 'access to a specific, physical, concrete space[,]' and establish[] some nexus between the website and the physical place of public accommodation." *Gomez v. Bang & Olufsen Am., Inc.*, No. 16-23801, at 8 (S.D. Fla. Feb. 2, 2017) *(citing Rendon*, 294 F. 3d at 1283-84). Plaintiff has failed to allege this in this case.

District courts within the Eleventh Circuit that have considered the question of whether websites are public accommodations have uniformly held that the ADA does not apply to a website that is wholly unconnected to a physical location. *Gomez v. Bang & Olufsen Am., Inc.*, No. 16-23801, at 8 (S.D. Fla. Feb. 2, 2017) (Lenard, J.) (holding that a website that is wholly unconnected to a physical location is generally not a place of public accommodation under the ADA); *Access Now, Inc. v. Southwest Airlines, Co.*, 227 F.2d 1312, 1321 (S.D. Fla. 2002) (Seitz, J.) (dismissing complaint because the plaintiffs failed to establish a nexus between the defendant's website and a physical, concrete place of public accommodation); *Kidwell v. Florida Comm'n on Human Relations*, No. 16-403, 2017 WL 176897, at *4 (M.D. Fla. Jan. 17, 2017) (holding that a website is not a public accommodation under the ADA).

To establish a cause of action, a plaintiff must allege and prove some nexus between the website  and the physical premises of a public accommodation. *Gomez v. Bang & Olufsen Am., Inc.*, No. 16-23801 at 9 (citing *Rendon* for the proposition that if a plaintiff establishes some nexus between the website and the physical place of public accommodation, the plaintiff's ADA claim can survive a motion to dismiss); *Gomez v. J. Lindeberg USA, LLC*, No. 16-22966, at 2-3 (S.D. Fla. Oct. 17, 2016) (Williams, J.) (order granting default judgment in part) (finding that plaintiff stated a claim under the ADA by alleging that the inaccessibility of the defendant's website prevented him from purchasing the defendant's clothing online and searching for physical store

locations); *Access Now*, 227 F.2d at 1320. In *Rendon,* the Eleventh Circuit noted that some courts require a nexus between the challenged service and the premises of the public accommodation, and that the plaintiffs in that matter demonstrated such a nexus. 249 F.3d at 1284 n.8.

Here, Plaintiff has not alleged an adequate nexus between its website and the dealership. Plaintiff has not asserted that the inaccessibility of the website prevented him from visiting the dealership.

Plaintiff has alleged in a conclusory that the inaccessibility of Defendant's website has denied visually impaired individuals the ability to enjoy the services, privileges, and advantages of the dealership. But he does not allege what services, privileges, and advantages he was unable to access. He does not allege he tried to purchase anything on the Website. He does not allege that he tried to find any information on the Website. Such a conclusory assertion, unsupported by factual allegations, cannot survive *Twombly* and *Iqbal* scrutiny. Fernandez *v. School Board of Miami-Dade County*, Case No. 15-21915-CIV-GAYLES, 2015 U.S. Dist. LEXIS 172460, 2015 WL 9474616, at *4 (Dec. 20, 2015).

Plaintiff does not – and he cannot – allege that Defendant's website "impedes [his] access to a specific, physical, concrete space." *Rendon*, 227 F. Supp. 2d at 1321. Plaintiff fails to allege – and he cannot allege – that Defendant's website selects customers or screens out disabled individuals as in *Rendon*. *Id*. There is no claim that, as a result of the alleged deficiencies or improprieties with Defendant's Website, Plaintiff has in any way denied access to Defendant's physical, concrete location. There is no allegation that information on Defendant's website prevents Plaintiff from obtaining this information through other means, such as visiting or telephoning the dealership.

Plaintiff has failed to allege any nexus between Defendant's website and its physical dealership. A nexus between goods and services and physical location is required under the ADA. *See Gil v. Winn-Dixie; Gomez v. Bang & Olufsen Am., Inc.*, No. 16-23801, at 8 (S.D. Fla. Feb. 2, 2017) (Lenard, J.) Unlike Winn-Dixie's website as analyzed in the *Gil v. Winn-Dixie* case, Defendant's website is not heavily integrated with and does not operate as a gateway to the dealership. In no way does the website's alleged inaccessibility deny Plaintiff equal access to the services, privileges, and advantages of the physical dealership.

Plaintiff fails to allege any facts that Defendant's website impeded his own personal enjoyment of the goods and services offered at the dealership. His generalized grievances are wholly unconnected to any harm he actually suffered at the place of public accommodation (i.e. the concrete, physical dealership) and are therefore insufficient to survive a motion to dismiss.

Defendant's website is not a physical, concrete structure, as required to state a claim under Title III of the ADA. *See Access Now, Inc. v. Southwest Airlines, Co*., 227 F. Supp. 2d 1312 (S.D. Fla. 2002); see also *Stevens v. Premier Cruises, Inc*., 215 F.3d 1237, 1241 (11th Cir. 2000) (noting that "[b]ecause Congress has provided such a comprehensive definition of 'public accommodation,' we think that the intent of Congress is clear enough")). Moreover, there is no basis to expand the ADA's application to Defendant's website because the required nexus or integration, as articulated by the courts in *Gil v. Winn-Dixie; Gomez v. Bang & Olufsen Am., Inc.*, has not been alleged in the Complaint.

Accordingly, Plaintiff's Complaint fails to state a claim for the violation of the ADA, and should be dismissed.

WHEREFORE, Defendant, BILL USSERY MOTORS OF CUTLER BAY, LLC, respectfully requests that this Court grant this motion to dismiss because Plaintiff lacks standing to bring this suit and, therefore, to confer subject matter jurisdiction or, in the alternative, dismiss this action for failure to state a claim, and for such other relief as this Court deems just and proper. Respectfully submitted this 3rd day of August, 2017.

> Elizabeth M. Rodriguez
> Florida Bar No. 821690
> FordHarrison
> 100 S.E. 2nd Street, Suite 2150
> Miami, Florida 33131
> Telephone: (305) 808-2143
> Facsimile: (305) 808-2101
> erodriguez@fordharrison.com
> /s /Elizabeth M. Rodriguez
> Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> s/ Elizabeth M. Rodriguez

## SERVICE LIST

Aaron Scott Finesilver
 Law, P.A.
aaron@finesilverlaw.com
100 N. Biscayne Boulevard, Suite 1300
Miami, FL 33132
Counsel for Plaintiff

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
tbb@thomasbaconlaw.com
644 North McDonald Street
Mt. Dora, FL 32757
Counsel for Plaintiff

Marc E. Brandes, Esq.
Kurkin Forehand Brandes LLP
18851 NE 29 Avenue
Suite 303
Aventura, FL 33180
mbrandes@kb-law.com
estella@kb-law.com
Lbevans@kb-law.com
Counsel for Defendant

WSACTIVELLP:9274093.1